IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| BRENT PHILLIPS, | ) | Cause No. CV 06-66-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATION OF |
| vs. | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | TO GRANT MOTION TO DISMISS |
| J.T. GUINDON, RYAN DURKIN, | ) | |
| and STAN GLOVAN | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter comes before the Court on Defendants' Motion to Dismiss based upon Plaintiff's failure to exhaust his administrative remedies. (Document 22).  Plaintiff was granted leave to proceed in forma pauperis with this action under 42 U.S.C. § 1983 on March 12, 2007. (Document 9).  The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

**I.  STANDARD**

Defendants have filed their Motion to Dismiss pursuant to pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, requesting that the Court dismiss this matter based upon Plaintiff's failure to exhaust his administrative remedies.  In ruling on Defendants' Motion, review is limited to the contents of Plaintiff's Amended Complaint.  *Clegg v. Cult Awareness*

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
MOTION TO DISMISS - CV-06-0066-H-DWM-RKS / PAGE 1

*Network*, 18 F.3d 752, 754 (9th Cir. 1994).  Plaintiff's factual allegations must be taken as true and construed in the light most favorable to Plaintiff.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief."  *Id., at* 946.  A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965. (2007). However, in providing grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of action.  *Id.* at 1966.  The plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence.  In other words, the plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  *Id.* at 1974. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally.  *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.  2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir.  2003) (same).  "'A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)); *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").  Pro se plaintiffs in a civil rights action must be afforded the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear

that the deficiencies of the complaint could not be cured by amendment.' " *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

However, in this case Plaintiff did not file a response to Defendants' Motion.  Local Rule 7.1(i) provides that a failure to file a brief by the opposing party shall be deemed an admission that the motion is well taken.  However, the Ninth Circuit has held that, "[a] district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule.  However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion." *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994)(per curiam)(internal citations omitted).

Given that Plaintiff is a pro se litigant, the Court will not deem Plaintiff's failure to respond as consent to the motion and will review Defendants' Motion to determine whether dismissal is appropriate.

## II.  ANALYSIS

Defendants have moved to dismiss Plaintiff's claims on the grounds that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  The PLRA's exhaustion requirement states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152

L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958

(2001). This exhaustion requirement is mandatory. *Booth,* 532 U.S. at 741.

The PLRA is applicable in this case and therefore Plaintiff would have had to exhaust all

available administrative remedies prior to filing this lawsuit.

According to the Affidavit of Kenneth R. Cozby, Montana State Prison Policy No. 3.3.3

was available to all inmates at MSP on the housing units and to Plaintiff who was on Close III

housing unit along with the grievance forms. (Document 23, p. 2, ¶ 4). Pursuant to that policy,

"an inmate must first present an issue of concern on an *Inmate/Offender Informal Resolution*

*Form* (attachment B) to his assigned United Manager (UM) or designee within five working days

of the action or omission that cause the complaint, and attempt to resolve the issue before filing a

formal grievance." (Document 23-2, p. 2, ¶E(1)). The policy goes on to provide that "[a]n

inmate wishing to file a formal grievance may do so within three working days from the date he

received the informal resolution response." (Document 23-2, p. 3, ¶ F(1)).

According to Mr. Cozby's Affidavit, Plaintiff did not file a grievance concerning cell

extraction. Furthermore, he only filed four Inmate/Offender Informal Resolution Forms in

October and November 2006. These forms were regarding the denial of yard privilege,

medication being administered under unsanitary conditions, the use of hygiene items at shower

time and a request for blankets.

As Plaintiff did not respond to Defendants' Motion, there is no evidence to contradict Mr.

Cozby's Affidavit demonstrating that Plaintiff failed to utilize the administrative remedies

available to him regarding the October 27, 2006 incidents complained of in his Complaint. Thus,

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
MOTION TO DISMISS - CV-06-0066-H-DWM-RKS / PAGE 4

it is this Court's determination that Plaintiff did not complete the grievance process prior to filing this lawsuit.  42 U.S.C. § 1997e(a) requires dismissal when a plaintiff does not exhaust administrative remedies prior to filing a lawsuit.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Defendants' Motion to Dismiss (Document 21) should be **GRANTED** and Plaintiff's Complaint (Document 1) and Amended Complaint (Document 12) should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies prior to filing suit.

2.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  It is sufficiently clear that Plaintiff's failure to exhaust him administrative remedies demands dismissal that no reasonable person could suppose that an appeal would have merit.

3.  The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
MOTION TO DISMISS - CV-06-0066-H-DWM-RKS / PAGE 5

may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to

timely file written objections may bar a de novo determination by the district judge.

Plaintiff must keep the Court informed of his current mailing address while the action

remains pending.

DATED this 20th day of June, 2008.


/s/ Keith Strong_____
Keith Strong
United States Magistrate Judge